UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

GABRIEL PIES LONSDALE,
Booking No. 25707540,

Plaintiff,

vs.

SAN DIEGO COUNTY JAIL, SAN DIEGO COUNTY SHERIFF'S OFFICE, SAN DIEGO COUNTY JAIL COUNSELING OFFICE, DEPUTY ROJAS ARJIS,

Defendants.

Case No. 3:25-cv-2358-AJB-DEB

**ORDER DENYING MOTION FOR RECONSIDERATION**

**(Doc. No. 5)**

## I. INTRODUCTION

On September 4, 2025, Plaintiff Gabriel Pies Lonsdale ("Plaintiff" or "Lonsdale"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). (Doc. No. 1.) In his Complaint, Lonsdale alleged Defendants violated his constitutional rights by failing to provide him with a "voodoo diet," and "printouts" of voodoo prayers. (*See id.* at 3–5.) The Court, however, denied Lonsdale's IFP motion pursuant to 28 U.S.C. § 1915(g) because Lonsdale has had three or more prior civil suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." (*See* Doc. No. 3 at 2 (citing *Lomax v. Ortiz-*

*Marquez*, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g))).) The case was therefore dismissed for failure to satisfy the filing fee requirement pursuant to 28 U.S.C. § 1914(a), and judgment was entered on September 26, 2025. (*See* Doc. Nos. 3; 4.)

On June 24, 2026, nearly nine months after the case was dismissed and judgment entered, Plaintiff filed a Motion for Reconsideration in which he seeks to add "late claim[s] due to mail theft" in which he asks the Court to "prohibit discrimination" and alleges Defendants have violated 18 U.S.C. §§ 1708 and 1709, both statutes dealing with *criminal* mail tampering. (Doc. No. 5.)

## II. DISCUSSION

Lonsdale's request for reconsideration must be denied. Requests for reconsideration filed more than 28 days after judgment[1] are governed by Federal Rule of Civil Procedure 60(b), which permits a district court to relieve a party from an order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Reconsideration is an "extraordinary remedy" that should be used sparingly. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). As a result, a motion for reconsideration should not be granted absent highly unusual circumstances. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Here, Plaintiff fails to meet the high standard required for reconsideration. Most notably, he fails explain why the Court's determination that he was barred from proceeding

[1] The Court may grant reconsideration under either Federal Rules of Civil Procedure 59(e) or 60(b). *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

IFP under 28 U.S.C. § 1915(g) and that the action must be dismissed for failure to satisfy the filing fee pursuant to 28 U.S.C. § 1914(a) requires reconsideration based on vague and unspecified allegations "mail tampering" and "discrimination." (*See* Doc. No. 5.) In addition, Plaintiff fails to provide any facts or argument relevant to the six enumerated grounds for relief under Rule 60(b). In short, Lonsdale has failed to set forth any argument suggesting that relief from judgment or reconsideration is appropriate in this instance, let alone raise any of the "exceptional circumstances" or enumerated grounds described above that would necessitate such an "extraordinary remedy." *See Carroll*, 342 F.3d at 945.

## III. CONCLUSION

For the reasons explained above, the Court **DENIES** Lonsdale's Motion for Reconsideration (Doc. No. 5). The Clerk of Court shall close the file.

**IT IS SO ORDERED**.

Dated: July 20, 2026

Hon. Anthony J. Battaglia
United States District Judge